# UNITED STATES DISTRICT COURT

for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.  23-mj-1002 |
| | ) | |
| GOLD APPLE IPHONE, CURRENTLY LOCATED AT | ) | |
| THE UNITED STATES CUSTOM HOUSE, UNDER ATF | ) | |
| EXHIBIT # 0002. | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

located in the _____ Eastern _____ District of _____ Pennsylvania _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1951(a) | attempted robbery which interferes with interstate commerce and conspiracy |
| 18 U.S.C. §§ 924(c) | use of a firearm during and in relation to a crime of violence |

The application is based on these facts:
Please see attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
/s/ Timothy Flanagan
*Applicant's signature*

_____
Timothy Flanagan, Special Agent ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Lynne A. Sitarski
Digitally signed by Lynne A. Sitarski
Date: 2023.05.17 10:31:18 -04'00'

Date: _____ 05/17/2023 _____

_____
*Judge's signature*

City and state: _ Philadelphia, PA _

Honorable Lynne A. Sitarski
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched* )<br>*or identify the person by name and address)* )<br> )<br>GOLD APPLE IPHONE, CURRENTLY LOCATED AT )<br>THE UNITED STATES CUSTOM HOUSE, UNDER ATF )<br>EXHIBIT # 0002. ) | Case No.   23-mj-1002 |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Pennsylvania_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
❒ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Lynne A. Sitarski_____ .
*(United States Magistrate Judge)*

❒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❒ for _____ days *(not to exceed 30)*  ❒ until, the facts justifying, the later specific date of _____ .

Date and time issued:     05/17/2023 10:11 am

Lynne A. Sitarski
Digitally signed by Lynne A. Sitarski
Date: 2023.05.17 10:30:26 -04'00'

*Judge's signature*

City and state:     Philadelphia, PA

Honorable Lynne A. Sitarski
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>   23-mj-1002 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:  _____


                                   _____
                                          *Executing officer's signature*

                                   _____
                                          *Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF APPLE IPHONE, GOLD IN COLOR, WITH A CRACKED SCREEN AND CRACKED REAR WITH PIECES MISSING FROM THE BOTTOM LEFT CORNER, CURRENTLY LOCATED AT THE UNITED STATES CUSTOM HOUSE, 200 CHESTNUT STREET, ROOM 604, PHILADELPHIA, PENNSYLVANIA UNDER ATF EXHIBIT # 0002. | Case No. 23-mj-1002 |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Timothy Flanagan, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), being duly sworn, do state the following:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am employed as a Special Agent with the ATF and have been so employed since January of 2022. I am currently assigned to the ATF Violent Crime Task Force. As a Special Agent for the ATF, I have investigated violations of federal law being committed by violent offenders and criminal organizations, including robberies, drug offenses, kidnapping, and firearms offenses. I have successfully completed the Criminal Investigator Training program as well as the ATF Special Agent Basic Training program. As a result of my training and experience, I am familiar with investigations involving violations of Federal firearms and narcotics laws, and I am familiar with Federal search warrants and seizing evidence in accordance with the probable cause set forth in the affidavits. I have attended training

encompassing the use of electronic devices as a means of communication and am familiar with the use of cellular phones and electronic communication to facilitate criminal activities.

2.      As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search and seizure warrant authorizing the search and examination of the following devices (the "**TARGET TELEPHONE**") described in the following paragraphs and in Attachment A. The items to be seized pursuant to the search warrant are more fully described in Attachment B.

      a.      **TARGET TELEPHONE**: Apple iPhone, gold in color, with a cracked screen and cracked rear with pieces missing from the bottom left corner, currently located at the United States Custom House, 200 Chestnut Street, Room 604, Philadelphia, Pennsylvania under ATF Exhibit # 0002.

3.      Based on the facts set forth in this affidavit, there is probable cause to believe that Jahad WYATT has committed violations of 18 U.S.C. §§ 1951(a) (attempted robbery which interferes with interstate commerce and conspiracy), and 924(c) (use of a firearm during and in relation to a crime of violence), among other offenses. There is also probable cause to believe that the **TARGET TELEPHONE** contains information relevant to these crimes. This affidavit is based upon my personal knowledge, my training and experience, as well as information related to me directly or through reports of other ATF Special Agents and task force officers, Philadelphia Police Department ("PPD") personnel, and other law enforcement officers in their participation in this investigation.

4.      Because this affidavit is being submitted for the limited purpose of obtaining a search warrant, I have not included every fact known to me concerning this investigation. I have

set forth only those facts I believe are essential to establish the probable cause for the search

warrant. This affidavit does not exhaust my knowledge or that of other agents and investigators

of the facts and circumstances surrounding this investigation. All dates and times cited are

approximate.

   a. The **TARGET TELEPHONE** is currently in storage at the United States

Custom House. In my training and experience, and that of other investigators assisting

with this investigation, I know that the **TARGET TELEPHONE** has been stored in a

way that its contents are, to the extent material to this investigation, in substantially the

same state as they were when the device was first recovered by members of the ATF.

## PROBABLE CAUSE

  5. On December 6, 2022, at approximately 11:56a.m. a silver 2017 Buick Verano 4-

door sedan backed in a parking spot in front of the T-Mobile located at 8546 Bustleton Avenue

in Philadelphia Pennsylvania. Three passengers exited the vehicle, while a fourth person

remained in the driver's seat with the car running. The three passengers were wearing dark

clothing, masks, and gloves. All three males entered the business, and one pointed a black

handgun at an employee ordering him to go to the back room. The man with the gun and another

individual followed the T-Mobile employee to the back room where a second employee was

working, while the third person remained just inside the front door of the business. The two

males who went to the back room started grabbing iPhones and Apple Watches from an open

safe and stuffing them into two black duffel bags. The offenders left the store with the

merchandize valued at approximately $80,000.00 in the 2017 Buick Verano 4-door sedan they

arrived in.

6.       After the males fled the business, a Bloodhound tracker device was activated.

Several police officers from Philadelphia Police Districts began surveying for the vehicle. The

vehicle was ultimately located, unoccupied at 1320 West Rockland Street in Philadelphia, PA.

Moments later, two Police Officers encountered WYATT approximately two blocks away from

the Buick between 4800 N Broad Street and 4800 N Carlisle Street, walking in the direction

away from the Buick. WYATT looked towards the police officers, ducked down behind a parked

car, and then when officers exited their patrol vehicle, WYATT took off running away from

them. WYATT was stopped and detained on the 4800 block of North Syndenham Street. In

WYATT's possession at the time of his arrest was the **TARGET TELEPHONE.**

7.       The key fob, later determined to operate the Buick, was recovered in an alleyway

between West Rockland Street and West Eleanor Street – which is consistent with WYATT's

direction and potential path travel between the Buick and where he was seen by police.  A

firearm was recovered from a dumpster, mere feet from where the Buick was parked.[1] A black

hooded zip up jacket, white rubber gloves, and a black plastic bag were recovered from the

highway near 4813 Old York Road, 0.1 mile from where the Buick was parked and just slightly

further from the Buick than where the key fob was recovered. After WYATT's arrest, the

arresting officers watched city camera footage, wherein they saw a man carrying a black jacket

and a black bag, walking south on the 4800 block of Old York Road. The camera rotates away,

and when the man is seen again on camera, he no longer has the black jacket or black bag. The

clothing the man on the camera footage is wearing – gray jacket with a white emblem on the

chest, gray pants with white stripes down the sides, and black sneakers with white soles –

matches the clothing WYATT is wearing when he is stopped a short time later.

---

[1] An anonymous 911 caller reported observing someone throwing a firearm into a dumpster.

8.      The Buick sedan was positively identified by the victim: a T-Mobile Store employee. WYATT was detained for police investigation. On December 6, 2022, at approximately 7:08p.m., Commonwealth of Pennsylvania State Search warrant # 260248 was executed on the 2017 Buick Verano 4-door sedan for the contents of the vehicle, as well as the vehicles infotainment system. Recovered in the Buick was a pair of black sweatpants, a black hat, black rubber gloves, a blue medical mask, a water bottle, a hand sanitizer bottle and one 9mm round. An additional download of the Buick's infotainment revealed that multiple times between November 21, 2022 and December 6, 2022, the vehicles location was on the 5900 block of Beechwood Street. WYATT resides at 5935 Beechwood Street. Additionally, on the day of the robbery, the Buick's infotainment system shows the vehicle's location at the T-Mobile store on the day of the event. The **TARGET TELEPHONE** was also connected to the Buick's infotainment system shortly before the robbery occurred.

9.      An analysis of Cell Site location data of the **TARGET TELEPHONE** revealed that the phone was within a mile of the T-Mobile store minutes before the robbery. A further analysis of the Cell Site location data shows it in the location of 4800 Sydenham Street where WYATT was subsequently stopped and arrested.

10.      The **TARGET TELEPHONE** is currently in the lawful possession of the ATF. When WYATT was arrested by PPD officers on December 6, 2022, the **TARGET TELEPHONE** was found on his person during a search incident to arrest. No other cellular telephone was recovered during the search of WYATT. The **TARGET TELEPHONE** was kept in the custody of the Philadelphia Police Department, and Detectives prepared and obtained a search warrant in order to gain access to the contents of the phone. The **TARGET TELEPHONE** was transferred into ATF custody on May 5, 2023. Therefore, while the ATF

might already have all necessary authority to examine the **TARGET TELEPHONE**, I seek this additional warrant out of an abundance of caution to be certain that an examination of the **TARGET TELEPHONE** will comply with the Fourth Amendment and other applicable laws.

11.     The **TARGET TELEPHONE** is a wireless telephone.  Based on my training and experience, as well as the training and experience of other agents, a wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used primarily for voice communication through radio signals.  The telephone sends signals through networks of transmitter/receivers called "cells," enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving, and storing email, voice messages and text messages[2]; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device and for mapping and navigation features.  Based on my training and experience, I am aware that people who engage in illegal activities such as robberies have been known to use some or all of these features in furtherance of their illegal activities.

---

[2] Based on my training and experience, I am aware that, among the services commonly offered by wireless phone providers is the capacity to send short text or multimedia messages (photos, audio, or video) from one subscriber's phone or wireless device to another phone or wireless device via one or more wireless providers.  This service is often referred to as "Short Message Service" ("SMS") or "Multimedia Messaging Service" ("MMS"), and is often referred to generically as "text messaging" or "wireless messaging" (collectively referred to in this affidavit as "text messages").

12.     Furthermore, based on my training and experience, I know that electronic devices such as cell phones can store information for long periods of time.  Even when a user deletes information from a device, it can sometimes be recovered with forensic tools.  Similarly, things that have been viewed via the internet are typically stored for some period on the device.  This information can sometimes be recovered with forensic tools.

13.     Based on my training and experience, I know that people who engage in robberies will often communicate with their coconspirators and/or accomplices by way of cellular telephone (including via text message) before, during, and after the commission of a robbery.  Further, I am aware that people who engage in robberies will often use the internet (including on their cell phones) to search for information about their intended victims, such as the locations and hours of businesses.  Further, I am aware that people who engage in robberies often possess photographs (including in their phones) of themselves and their coconspirators/accomplices; the victims of their robberies; clothing worn during the robberies; weapons and other items used during the robberies; the proceeds of their robberies; and items purchased with the proceeds of the robberies.  I also know from my training and experience that criminals, including those who engage in robberies, often have multiple phones to facilitate their commission of illegal activities while attempting to thwart identification by law enforcement through the use of multiple phones or "burner" phones which cannot be traced back to an individual.  As demonstrated above, WYATT engaged in a robbery in Philadelphia.  His activities as outlined above show a coordinated effort, such as targeting a specific victim location, obtaining and using weapons to aid their crimes, arriving and departing at apparently coordinated times, and arriving and departing through effective means of flight.  In my experience, individuals who engage in patterns of crime, or a series of related events of crime, such as those involved here engage in

discussions, coordination and communications about their activities through, among other things, communications such as text messages, calls, and internet-based messaging services, which are accessible through cellular telephones, such as those that are subject of this warrant request. The data sought to be recovered from this warrant may include and reveal coordinated efforts to commit these crimes, location information, the storage or expenditure of proceeds, and relevant communications. In my experience, therefore, cellular telephones, specifically those involved here in this application, are places that are reasonably believed to, and often do, contain evidence of the crimes of Hobbs Act robbery, conspiracy, use of firearms during and in relation to crimes of violence and related offenses.

14. Evidence of calls and text messages made by, to, and among the members of this robbery conspiracy during the events described in this Affidavit are expected to be disclosed by the requested searches. Among other reasons cited herein, searches of the **TARGET TELEPHONE** is required to determine the telephone number assigned to the device, thus enabling its identification as the phone used by a member of this conspiracy. Also, by analyzing call activity, agents may be able to determine where other accomplices were in the area, and if there were communications between accomplices during the commission of the crime.

15. This application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

16.     Searching for the evidence described in Attachment B may require a range of data analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual

search through unrelated materials that may be commingled with criminal evidence.  In other

cases, however, such techniques may not yield the evidence described in the warrant.  Criminals

can mislabel or hide information, encode communications to avoid using key words, attempt to

delete information to evade detection, or take other steps designed to frustrate law enforcement

searches for information.  These steps may require agents and law enforcement or other analysts

with appropriate expertise to conduct more extensive searches, such as scanning storage areas

unrelated to things described in Attachment B, or pursuing all stored information briefly to

determine whether it falls within the scope of the warrant.  In light of these difficulties, and

consistent with Federal Rule of Criminal Procedure 41(e)(2)(B), the warrant I am applying for

would permit the examination of the device using whatever data analysis techniques appear

necessary to locate and retrieve the evidence described in Attachment B.

      17.     As noted above, the **TARGET TELEPHONE** is currently in the possession of

the ATF.  Therefore, the execution of this warrant will not involve any entry onto the premises of

or property of a third party.  Because this search will occur at ATF premises, I submit that good

cause exists to execute this warrant at any time of day or night convenient to the ATF.

      18.     Based on the foregoing, I believe that probable cause exists to believe that Jahad

WYATT has committed violations of 18 U.S.C. §§ 1951(a) (attempted robbery which interferes

with interstate commerce and conspiracy), and 924(c) (use of a firearm in relation to a crime of

violence). and that evidence of these violations exists on the Subject Telephone, described in

Attachment A.


## TECHNICAL TERMS

19.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a.      Cellular telephone: A cellular telephone (or wireless telephone or mobile telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include storing names and phone numbers in electronic "address books"; sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include GPS technology for determining the location of the device.

b.      GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records of the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a

mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

       c.      Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

     20.     Based on my training, experience, and research, I know that the **TARGET TELEPHONE** listed in Attachment A has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and/or PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device. Additionally, the telephone may contain call logs, address books, text messages, emails, videos, photographs, or other stored data relevant to this investigation.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

     21.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

22.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **TARGET TELEPHONE** was used, the purpose of its use, who used the device, and when. There is probable cause to believe that this forensic electronic evidence may be contained on the **TARGET TELEPHONE** because:

   a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b.  Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual

information necessary to understand other evidence also falls within the scope of the warrant.

e.   Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

23.   *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **TARGET TELEPHONE** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium that might expose many parts of each device to human inspection in order to determine whether it is evidence described by the warrant.

24.   *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## AUTHORIZATION REQUEST

25.   For the reasons stated above, there is probable cause to believe that WYATT has committed violations of 18 U.S.C. §§ 1951(a) (attempted robbery which interferes with interstate commerce and conspiracy), and 924(c) (use of a firearm during and in relation to a crime of violence), among other offenses. There is also probable cause to search the **TARGET TELEPHONE** for evidence of these violations. The **TARGET TELEPHONE** to be searched are described more fully in Attachment A of the search warrant and affidavit, and the evidence to be seized is detailed in Attachment B of the search warrant.

Respectfully submitted,


*/s/ Timothy Flanagan*

Timothy Flanagan
Special Agent, ATF


Sworn to and subscribed before me this _____17_____ day of May, 2023

Lynne A.   Digitally signed by
Sitarski   Lynne A. Sitarski
           Date: 2023.05.17
           10:32:00 -04'00'

HONORABLE LYNNE A. SITARSKI
United States Magistrate Judge

## **ATTACHMENT A**

ITEMS TO BE SEARCHED

The property to be searched is the **TARGET TELEPHONE**: Apple iPhone, gold in color, with a cracked screen and cracked rear with pieces missing from the bottom left corner, currently located at the United States Custom House, 200 Chestnut Street, Room 604, Philadelphia, Pennsylvania under ATF Exhibit # 0002.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## <u>ATTACHMENT B</u>

### PROPERTY TO BE SEIZED

1.      All records on the **TARGET TELEPHONE** described in

Attachment A that relate to violations of 18 U.S.C. §§ 1951(a) (attempted robbery

which interferes with interstate commerce and conspiracy), and 924(c) (use of a

firearm during and in relation to a crime of violence), that have been committed,

are being committed, or will be committed by Jahad WYATT and/or anyone acting

together or in concert with him, including:

   a.      Photographs and videos stored on the **TARGET**

**TELEPHONE**, including those stored within applications downloaded to

the **TARGET TELEPHONE**.

   b.      Call logs and contact directory, including logs of incoming

and outgoing calls to and from the **TARGET TELEPHONE** and the

contacts saved on the **TARGET TELEPHONE.**

   c.      Text message, instant message, and iMessage

conversations located within the **TARGET TELEPHONE** Messages

application, as well as text message conversations located within any of

the **TARGET TELEPHONE**'s other messaging applications;

   d.      Communications (including voice mail, voice messages, text

messages, instant messages, iMessages, and communications via

applications downloaded onto the phone) and other records (including

photographs, videos, audio files and notes) relating to the theft, possession,

and/or sale of firearms or illegal drugs, and payments or other items

exchanged;

   e.  Internet browsing activity and history, calendar entries, notes, memoranda, and digital documents, photographs and images, that relate to the theft, possession, and/or sale of firearms or illegal drugs;

   f.  Any documents, spreadsheets, calendar, note, password or other database entries related to criminal activity;

   g.  Location information;

   h.  Evidence of user attribution showing who used or owned the **TARGET TELEPHONE**, such as communications (including voice mail, voice messages, text messages, and communications via applications downloaded onto the phone), photographs, videos, subscriber information, saved usernames and passwords, documents, browsing history, GPS data, address books, directories, and calendars;

   i.  Evidence of user attribution showing who used or owned the **TARGET TELEPHONE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; and

   j.  All bank records, checks, credit card bills, account information, and other financial records located within the **TARGET TELEPHONE**.

  2.  As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage

(such as flash memory or other media that can store data) and any photographic

form.